IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JAMAR HOLBERT,

        Defendant.

No. 3:14-cr-00337-HZ-2

OPINION & ORDER

Billy J. Williams
United States Attorney, District of Oregon
Leah K. Bolstad
Assistant United States Attorney
1000 SW Third Ave., Ste. 600
Portland, OR 97204

    Attorney for Plaintiff

//

//

//

OPINION & ORDER – 1

Jamar Holbert
Fed. Reg. No. 76436-065
FCI Terminal Island
P.O. Box 3007
San Pedro, CA 90733

       Pro se Defendant

HERNÁNDEZ, District Judge:

       Defendant Jamar Holbert, an inmate in custody at Federal Correctional Institution ("FCI") Terminal Island in San Pedro, California, filed the present motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the 120 month sentence this Court imposed in May of 2015. Holbert argues that his defense counsel provided ineffective assistance of counsel by failing to present a Forensic Mental Health Evaluation at sentencing, failing to request a downward departure for an abusive childhood and diminished capacity, and failing to avoid a two-level gun enhancement at sentencing. Holbert has failed to show that his counsel's conduct fell below an objective standard of reasonableness, and therefore his motion is denied.

## BACKGROUND

       In August of 2014, a grand jury indicted Holbert on six counts including conspiracy to distribute controlled substances, possession with intent to distribute cocaine and cocaine base, and felon in possession of a firearm. On February 4, 2015, Holbert pled guilty to Count 1, conspiracy to distribute controlled substances, which carried a statutory maximum sentence of life, a ten-year minimum mandatory sentence, a fine of $10,000,000, at least five years of supervise release, and a $100 fee assessment.

       The Count held a sentencing hearing on May 19, 2015. The government recommended the mandatory 120 month minimum sentence, a five-year term of supervised release, a forfeiture

of $251,098, and a $100 fee assessment. Holbert withdrew an outstanding motion to withdraw his attorney, and expressed his desire to proceed with appointed counsel, Mr. John Ransom. The Court adopted the Presentence Investigation Report ("PSR") without change. Through his plea, Holbert agreed that the two-level dangerous weapon enhancement under Guideline 2D1.1(b)(1) applied to him. The Court adopted the guideline calculation from the PSR with a total offense level of 31 and a Criminal History Category of III, which produced an advisory guideline range of 153 to 168 months. The Court sentenced Holbert to the mandatory minimum 120 months in prison, followed by five years of supervised release, a forfeiture of $251,098, and a $100 fee assessment. Judgment was entered May 20, 2015; Holbert did not appeal.

Holbert mailed the present Section 2255 motion on May 31, 2016, and the motion was filed on June 3, 2016.

## STANDARDS

To succeed on an ineffective assistance of counsel claim, a defendant must prove both that 1) counsel's performance fell below an objective standard of reasonableness, and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

To prove the deficiency of counsel's performance the defendant must show counsel made errors so serious that his "representation fell below an objective standard of reasonableness" under prevailing professional norms. Stanley v. Cullen, 633 F.3d 852, 862 (9th Cir. 2011) (quoting Strickland, 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly

OPINION & ORDER – 3

deferential," Strickland, 466 U.S. at 689, and "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011) (quoting Strickland, 466 U.S. at 689–90) (internal quotation marks omitted). The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. Strickland, 466 U.S. at 690. Ultimately the defendant's "burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.' " Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

"To satisfy the prejudice prong under Strickland, a defendant must show 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " Saesee v. McDonald, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting Strickland, 466 U.S. at 694).

## DISCUSSION

1. Timeliness

The Government first attacks Holbert's motion as untimely. Section 2255 provides, in relevant part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . .
>
> (1) the date on which the judgment of conviction becomes final[.]
>
> . . .

28 U.S.C. § 2255. The Government argues that Holbert did not mail his motion until May 31, 2016, which is more than one year from the date judgment was entered, May 20, 2015. The

OPINION & ORDER – 4

Ninth Circuit has held, however, that the statute of limitations for a Section 2255 motion does not begin to run until the "expiration of the time during which [the movant] could have sought review by direct appeal." <u>United States v. Schwartz</u>, 274 F.3d 1220, 1223 (9th Cir. 2001). Holbert did not file a direct appeal in this case. Under Federal Rule of Appellate Procedure 4, his appeal period expired fourteen days after judgment was entered, June 4, 2015. FED. R. APP. P. 4(b)(1)(A)(i). Holbert's motion was both mailed and filed within one year of that date, and thus his motion is timely.

2. Merits of Holbert's Motion

Holbert argues that his lawyer provided ineffective assistance of counsel in violation of the Sixth Amendment in three ways. First, he asserts that Mr. Ransom was ineffective because he decided not to present Holbert's mental health evaluation to the Court at sentencing. Second, he argues that Mr. Ransom failed to seek a downward departure in sentencing for an abusive childhood and diminished capacity. And third, he argues that Mr. Ransom was ineffective in failing to avoid a two-level gun enhancement.

As to Holbert's first two grounds, neither is sufficient to demonstrate that Mr. Ransom's assistance was constitutionally defective because Holbert faced (and was subsequently sentenced to) a mandatory minimum sentence of 120 months. There was nothing in the mental health evaluation that could have resulted in a sentence less than 120 months. Similarly, neither of Holbert's proposed downward departures could have resulted in Holbert receiving anything less than the mandatory minimum sentence of 120 months.

Regarding Holbert's third ground, Mr. Ransom's failure to avoid the two-level gun enhancement is not adequate grounds for finding ineffective assistance. First, Holbert stipulated and agreed to the applicability of the two-level enhancement in his plea agreement. Second,

despite Holbert's agreement that the firearm enhancement applied, Mr. Ransom argued vigorously at sentencing against its application in determining Holbert's sentence. See Transcript of Sentencing Hearing, at 7–15, ECF 120. The Court simply did not agree with Mr. Ransom's argument. Accordingly, Court finds that Mr. Ransom's representation did not "fall below an objective standard of reasonableness under prevailing professional norms." Stanley, 633 F.3d at 862 (quoting Strickland, 466 U.S. at 688); Harrington, 562 U.S. at 104 (2011) ("Ultimately the defendant's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.").

The record before the Court conclusively shows that Holbert is not entitled to relief, and therefore he is not entitled to an evidentiary hearing on his § 2255 motion. 28 U.S.C. § 2255(b); United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).

## CONCLUSION

Holbert's motion [121] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied. The Court declines to issue a Certificate of Appealability because Holbert has not made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED

Dated this 2nd day of September, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge